(22 Misc. Rep. 296.)

PEOPLE ex rel. TITLE GUARANTEE & TRUST CO. v. HAGGERTY.

(Supreme Court, Special Term, Kings County. January, 1898.)

·COMMISSIONER OF DEEDS—POWER TO TAKE ACKNOWLEDGMENTS.

     A commissioner of deeds. a resident of the borough of Brooklyn, in the county of Kings, city of New York, appointed in January, 1898, by the board of aldermen of New York City, under Laws 1897, c. 378 (section 58 of the charter), which defines the office to be "in and for the city of New York," with a right to take oaths and affirmations within the district in which he is authorized to act (Code Civ. Proc. § 842), and who has filed his oath of office in Kings county, may take acknowledgments of deeds to be recorded in Kings county, without authentication by the certificate of the clerk of that county (Public Officers Law, § 10).

Motion for peremptory writ of mandamus by the people, on relation of the Title Guarantee & Trust Company, against Henry H. Haggerty, as register of the county of Kings, to compel defendant to receive certificate of satisfaction, and to discharge a mortgage of record. Granted.

Edwin Kempton, for relator.
William Hughes, for defendant.
N. H. Clement, for county clerk.

MADDOX, J. The respondent has refused to receive a certificate ·of satisfaction of a mortgage upon real property, recorded in his office, and also to discharge said mortgage of record, for the assigned reason that one Clayton, a commissioner of deeds of the city of New York, and before whom the acknowledgment to such certificate was taken, on January 13, 1898, "was not a competent official to take acknowledgment of deeds to be recorded in the county of Kings without additional authorization by the legislature," and relator seeks by mandamus to compel the reception of said certificate, .and the discharge of record of said mortgage.

On or about January 6, 1898, Clayton, a resident of the borough ·of Brooklyn, in the county of Kings, and in the city of New York, was by a resolution of the board of aldermen of said city appointed .a commissioner of deeds of said city; and he took, subscribed, and filed in the city clerk's office, within the limited time, the oath pre-·scribed by law. He thereupon filed a certificate of his said appointment in the office of the clerk of Kings county, and took, subscribed, and filed in said county clerk's office the oath required by law. The questions presented are as to the powers of a commissioner of deeds .appointed under section 58 of the charter (chapter 378, Laws 1897), .and the territory over which he may exercise his functions. By that ·section, the board of aldermen, without the concurrence of the council or the approval of the mayor, was authorized and empow-·ered to appoint commissioners of deeds, and it is therein provided that "any person hereafter appointed to the office of commissioner ·of deeds in and for the city of New York by the board of aldermen" shall, within a limited time, and before entering upon the dis-·charge of his duties, take and subscribe the oath of office therein ·prescribed. Commissioners of deeds in cities have, since the enact-

ment of chapter 75 of the Laws of 1848, been appointed by the common council of such cities respectively. A commissioner of deeds may take oaths and affirmations "within the district in which the officer is authorized to act" (section 842, Code Civ. Proc.); he "shall have power to take proof and acknowledgment of all written instruments" (section 86, Executive Law; chapter 683, Laws 1892, as amended by chapter 88, Laws 1894); "and may take acknowledgment or proof of conveyance of real property" within "the district wherein" he is authorized to perform official duties ( section 248, Real Property Law; chapter 547, Laws 1896). Subdivision 1, § 4, c. 3, pt. 2, Rev. St., provided that "no　*　*　* commissioner of deeds for a county or city shall take any such proof or acknowledgment out of the city or county for which he is appointed." This section and the whole chapter were repealed, and, as appears by the revisors' notes, section 248 of the real property law is a revision of that subdivision. Section 10 of the public officers law (chapter 318, Laws 1893) requires the filing by a commissioner of deeds of his oath of office "in the office of the clerk of the county in which he shall reside," and thus it seems most plain that upon compliance with the several statutory requirements above noted a commissioner of deeds in and for the city of New York has power to take oaths and affirmations, proofs and acknowledgments of written instruments and conveyances of real property. But within what district,—whether in the whole or only a part of the greater city,—since it now embraces more than one county? By the language of section 58 of the charter, in my opinion, a commissioner of deeds appointed thereunder has authority to take oaths, affirmations, proofs, and acknowledgments in any of the boroughs of the city, for the office is, by that section, defined to be "in and for the city of New York," and the whole city is therefore the "district wherein such officer is authorized to perform official duties," within the contemplation of section 248 of the real property law, and section 842 of the Code of Civil Procedure. An instrument proved or acknowledged within the city of New York before a commissioner of deeds of that city is entitled to be read in evidence, or to be recorded in the county in which the officer resides, without authentication by the certificate of the clerk of that county, provided the officer has filed in such county clerk's office the oath of office required by law. Section 10, Public Officers Law. In the other counties, however, though embraced in whole or in part within the city, there must be such authentication. Section 259, Real Property Law (chapter 547, Laws 1896). The motion is therefore granted, but without costs.

Motion granted, without costs.